# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2011

Lyle W. Cayce
Clerk

No. 10-41325
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAQUEL GONZALEZ-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-746-2

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Raquel Gonzalez-Lopez was indicted for conspiring to bring aliens into the United States at a place other than a designated checkpoint, transport aliens in the United States, and inducing aliens to come to the United States. She was also indicted on two counts of bringing or attempting to bring an alien into the United States. The jury convicted Gonzalez-Lopez on the conspiracy count and one of the counts of attempting to bring an alien into the United States. The district court sentenced Gonzalez-Lopez to 40 months in prison on the conspiracy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

count and 12 months in prison on the other count, with the terms to be served concurrently.

On appeal, Gonzalez-Lopez argues that there was insufficient evidence to sustain the conspiracy count because there was no evidence connecting her to any alien entering the United States at any point other than a designated point of entry. In *Griffin v. United States*, 502 U.S. 46, 47-48, 60 (1991), the Supreme Court held that a general guilty verdict on a multiple-object conspiracy may stand even if the evidence is insufficient to sustain a conviction on one of the charged objects. Contrary to her argument, Gonzalez-Lopez's conviction may be sustained if there is sufficient evidence to support any of the objects of the conspiracy. *See United States v. Mauskar*, 557 F.3d 219, 229 (5th Cir. 2009).

The second object of the conspiracy was to transport illegal aliens. Gonzalez-Lopez has abandoned any challenge to the sufficiency of the evidence supporting the conspiracy to transport aliens by failing to brief the issue. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir.) (deeming claims not pressed on appeal as abandoned), *cert. denied*, 131 S. Ct. 158 (2010). Even if this issue were not deemed abandoned, the evidence presented at trial is sufficient to sustain the conviction. *See United States v. Green*, 293 F.3d 886, 895 (5th Cir. 2002).

Gonzalez-Lopez argues that the district court erred in allowing hearsay evidence that an alien crossed into the United States at a place other than designated checkpoint. We review Confrontation Clause challenges de novo, subject to harmless error review. *United States v. Alvarado-Valdez*, 521 F.3d 337, 341 (5th Cir. 2008). Gonzalez-Lopez argues that admission of the evidence was not harmless because it was the only evidence to support the conspiracy count as it related to bringing aliens into the United States at a place other than a designated checkpoint. As discussed above, the conspiracy could have been and was proved by evidence of another object of the multiple-object conspiracy.

No. 10-41325

Any error that may have occurred was harmless because the evidence in question was insignificant in the context of the entire prosecution.

AFFIRMED.